**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43876**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 811** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: December 8, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL JAMES McNEARNEY, JR.,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction and concurrent, unified sentences of seven years, with a minimum period of confinement of three years, for two counts of grand theft by deception and one count of rape, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

---

PER CURIAM

Michael J. McNearney, Jr. pleaded guilty to two counts of grand theft by deception, Idaho Code 18-2407(1)(b)(3), and entered an *Alford*[1] plea to one count of rape, I.C. 18-6101(4). McNearney entered into an Idaho Criminal Rule 11(f)(1)(B) binding plea agreement wherein McNearney would plead guilty to two counts of grand theft by deception and enter an *Alford* plea to one count of rape, and McNearney agreed to pay restitution on all other counts. In exchange, the State dismissed the remaining charges and agreed not to file any addition charges related to the discovery materials. Further, the parties agreed to recommend concurrent, unified

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

seven-year sentences, with three years indeterminate, for each count if McNearney was reported a high risk to reoffend in the psychosexual evaluation. If McNearney was reported a moderate to low risk to reoffend in the psychosexual evaluation, the parties would each recommend the district court retain jurisdiction and each party was free to argue the underlying sentence. McNearney was reported a high risk to reoffend in the psychosexual evaluation and, pursuant to the plea agreement, the district court imposed concurrent, unified seven-year sentences, with three years determinate for each count. McNearney appeals contending his sentences are excessive.

Mindful that McNearney received the sentence agreed to pursuant to the plea agreement, McNearney asserts the district court erred by imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because McNearney received the sentence agreed upon pursuant to the I.C.R. 11 plea agreement, McNearney may not complain that the district court abused its discretion. Therefore, McNearney's judgment of conviction and sentences are affirmed.